**Floyd LOWE, Petitioner–Appellant,**

v.

**ATTORNEY GENERAL OF the State of CALIFORNIA, Respondent,**

**A.K. Scribner, Warden, et al., Respondents–Appellees.**

No. 06–17002.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed April 16, 2009.

Monica Knox, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Catherine G. Tennant, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: THOMAS and BYBEE, Circuit Judges, and BENITEZ,* District Judge.

## MEMORANDUM **

Floyd Lowe appeals from the district court's denial of his second amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. We affirm because the district court correctly held that (1) the state court jury had sufficient evidence to convict Lowe of being a felon in possession of a firearm, despite the constitutional errors in other related convictions; and (2) counsel's failure to appeal the firearm-possession conviction did not amount to ineffective assistance of counsel. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Following the denial of Lowe's petition, the district court granted a certificate of appealability on three questions:

1. Does Lowe's firearm-possession conviction violate due process because it is based on a jury verdict after a trial that has been infected by substantial constitutional errors as to all other verdicts?

2. If Lowe's due process rights were thereby violated, does the failure of his appellate counsel to raise that issue constitute ineffective assistance of counsel?

3. Does Lowe's 25–years–to–life sentence violate due process and the protection against cruel and unusual punishment?

■ On appeal, Lowe abandoned the third question and changed his theory in the first and second questions. He argued—for the first time before any court—that the jury instructions for the firearm-possession charge contained an erroneous theory of guilt and that counsel was ineffective for failing to raise the instructional errors on direct appeal. Because his erroneous-jury-instruction claims fall outside the scope of the certificate of appealability, we do not address them. *See Gatlin v. Madding,* 189 F.3d 882, 886 (9th Cir.1999) (holding that the "issuance of a certificate of appealability is a jurisdictional prerequisite to appeal"). Our refusal to address these claims does not preclude him from bringing them in a new petition, but we express no view on the merits.

Because Lowe fails to raise the certified questions in this appeal, he has waived his challenges to the district court's denial of his petition. *Styers v. Schriro,* 547 F.3d 1026, 1028 n. 3 (9th Cir.2008) (per curiam). Even if reviewed *de novo,* however, the district court's rulings on the certified questions withstand scrutiny.

■ With respect to the first certified question, Lowe lacks a factual basis for his claim that his firearm-possession conviction violates due process because of constitutional errors in other related convictions. As the district court held, the record contains sufficient evidence to support a jury finding that Lowe took control of the gun. Moreover, the jury through its verdict

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

credited the victim's testimony, which contradicted that of Lowe. The district court therefore correctly deferred to the jury's credibility determination. *Bruce v. Terhune,* 376 F.3d 950, 957–58 (9th Cir.2004). In any event, the errors in Lowe's other convictions are specific to those convictions and thus have no bearing on the jury's determination of the firearm-possession charge. Accordingly, he cannot prevail on the first certified question.

The validity of Lowe's firearm-possession conviction dooms his ineffective-assistance-of-counsel claim raised in the second certified question. Where, as here, a *habeas* petitioner had "only a remote chance of obtaining reversal" absent the purported unprofessional error, he cannot satisfy the two-prong test under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Miller v. Keeney,* 882 F.2d 1428, 1435 (9th Cir.1989).

AFFIRMED.